## TONG ON *v.* TAI KEE.

APPEAL FROM CIRCUIT JUDGE, FOURTH CIRCUIT.

SUBMITTED SEPTEMBER 19, 1898.     DECIDED OCTOBER 21, 1898.

JUDD, C.J., AND WHITING, J.

On appeal, a decree ordering specific performance of a written contract to assign a lease, affirmed, there appearing to be no defense.

OPINION OF THE COURT BY JUDD, C.J.

The controversy between the parties to this case came to this court at the April term, 1898, and it appearing to us that the action was brought at law and was not cognizable in that forum, but that equity has cognizance of a suit to enforce specific performance of a contract, the case was "dismissed without prejudice." *Tong On v. Tai Kee,* 11th Haw. Rep. 424, *ante.*

The plaintiff then brought the following bill in equity:

"The plaintiff complains of the defendant and for cause of action alleges:

1st.   That on the 10th day of July, A. D. 1897, the defendant entered into a written agreement with plaintiff wherein and whereby he sold and agreed to assign to plaintiff a certain lease of land in Puueo, Hilo, Hawaii, which he held from one Keomakani, a copy of said agreement is hereto attached and made part thereof.

2d.   That plaintiff has complied with all of the conditions of said agreement on his part to be performed and has demanded of defendant an assignment of said lease, which defendant has refused and neglected and still neglects and refuses to do.

Wherefore plaintiff prays that process may issue citing the defendant to appear and answer this his complaint, and that he may have judgment against defendant requiring him to assign and deliver said lease to plaintiff and for such other and further relief as may be just and equitable and for costs of suit."

The defendant answered as follows:

"Now comes the defendant and for answer to the petition filed herein alleges:

1st. That he denies each and every allegation as in said petition made not hereinafter admitted.

2d. That he admits the execution of the agreement set forth but alleges the fact to be that it was the intention of the parties thereto that the defendant should only assign the lease to the land on which the blacksmith shop is located and not the entire land held by the defendant under his lease; that this defendant stands ready and willing to perform said agreement as the same was intended to be performed at the time of its execution whenever the plaintiff pays the money as agreed.

Wherefore defendant asks that he may be discharged with his costs in this behalf expended."

The Circuit Judge upon the evidence adduced on the law action then made the following decree:

"This cause coming on to be heard on the 2d day of August, A. D. 1898, Messrs. Wilder, Wise and Wakefield appearing for the plaintiff and Messrs. Little and Galbraith appearing for the defendant, and the evidence being offered on behalf of both plaintiff and defendant, the cause was submitteed to the court, and after due consideration thereof the court finds for the plaintiff and orders, adjudges and decrees as follows:

It is ordered adjudged and decreed that upon payment of $170.00 by Tong On, plaintiff herein, to Tai Kee, defendant herein, that the defendant Tai Kee shall make, execute and deliver to the plaintiff Tong On a transfer of the whole of the lease referred to in the petition in said cause, and that he deliver to the plaintiff the blacksmith shop and the tools therein and

36

all buildings situated upon the lands embraced in said lease, and that plaintiff have and recover from the defendant Tai Kee his costs in this action."

An appeal to this court was taken by defendant. On an examination of the evidence we find that the agreement whose execution is sought to be enforced is that quoted on pages 425 and 426 of the decisions in this volume, *Tong On v. Tai Kee*, above referred to. By this agreement Tai Kee agreed to sell "the business of his horse shoeing shop, together with buildings, fixtures, tools and lease to one Tong On." The price was to be $270, one hundred dollars was paid in advance as agreed upon and the balance, $170, was tendered and refused. The defendant refused to execute the assignment of the lease when presented to him for signature. So far as we can make out from the evidence his excuse was that the agreement called for an assignment of the entire lease of the premises on which the blacksmith shop stood, whereas he intended to lease only the part on which the shop stood and had leased a portion of the lot to another. There is no evidence of the alleged prior lease.

The agreement speaks for itself. It called for the "lease," and meant whatever lease defendant had of the lot. We find the agreement to be sufficiently definite to be enforceable. If the vendor wished to be relieved of his contract on equitable grounds he should set it up in a bill to rescind or reform, or possibly by cross-bill. He cannot, on a bill for specific performance, show by parol that he mistook the meaning of his language in the contract.

We do not find established any defense to plaintiff's claim and affirm the decree appealed from.

*W. S. Wise* for plaintiff.

*G. F. Little* for defendant.